**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KEYANNA JOHNSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ABILITY RECOVERY SERVICES, LLC,<br><br>Defendant. | Civil Case No.: 26-5024<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## Nature of the Action

1. Keyanna Johnson ("Plaintiff") brings this class action against Ability Recovery Services, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using, or causing to be used, an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to wrong or reassigned cellular telephone numbers.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. In particular, the subject calls and prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject calls and prerecorded voice messages in this district.

**Parties**

7. Plaintiff is a natural person who at all relevant times resided in Harris County, Texas.

8. Defendant is a Pennsylvania limited liability company with headquarters in Dupont, Pennsylvania.

**Factual Allegations**

9. Plaintiff is, and has been since prior to 2024, the sole and customary user of her cellular telephone number—(XXX) XXX-3187.

10. Starting in or around 2024, Defendant placed, or caused to be placed, telephone calls to telephone number (XXX) XXX-3187, in connection with which Defendant used an artificial or prerecorded voice.

11. For example, on or about April 2, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

12. Defendant placed, or caused to be placed, the April 2, 2026 call from telephone number 1-844-770-9964.

13. In connection with its April 2, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

14. Defendant's April 2, 2026 artificial or prerecorded voice message stated "…reply to this message by calling 1-800-264-5723. Thank you."

15. Plaintiff received and listened to the April 2, 2026 artificial or prerecorded voice message.

16. The tone and speech pattern of the April 2, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

17. On or about April 3, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

18. Defendant placed, or caused to be placed, the April 3, 2026 call from telephone number 1-844-770-9964.

19. In connection with its April 3, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

20. Defendant's April 3, 2026 artificial or prerecorded voice message stated "…reply to this message by calling 1-800-264-5723. Thank you."

21. Plaintiff received and listened to the April 3, 2026 artificial or prerecorded voice message.

22. The tone and speech pattern of the April 3, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

23. On or about April 6, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

24. Defendant placed, or caused to be placed, the April 6, 2026 call from telephone number 1-844-770-9964.

25. In connection with its April 6, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

26. Defendant's April 6, 2026 artificial or prerecorded voice message stated "…reply to this message by calling 1-800-264-5723. Thank you."

27. Plaintiff received and listened to the April 6, 2026 artificial or prerecorded voice message.

28. The tone and speech pattern of the April 6, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

29. On or about April 7, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

30. Defendant placed, or caused to be placed, the April 7, 2026 call from telephone number 1-888-462-0531.

31. In connection with its April 7, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

32. Defendant's April 7, 2026 artificial or prerecorded voice message stated "…reply to this message by calling 1-800-264-5723. Thank you."

33. Plaintiff received and listened to the April 7, 2026 artificial or prerecorded voice message.

34. On or about April 8, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

35. Defendant placed, or caused to be placed, the April 8, 2026 call from telephone number 1-888-462-0531.

36. In connection with its April 8, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

37. Defendant's April 8, 2026 artificial or prerecorded voice message stated "…This is ARS calling for Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

38. Plaintiff received and listened to the April 8, 2026 artificial or prerecorded voice message.

39. The tone and speech pattern of the April 8, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

40. On or about April 10, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

41. Defendant placed, or caused to be placed, the April 10, 2026 call from telephone number 1-888-462-0531.

42. In connection with its April 10, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

43. Defendant's April 10, 2026 artificial or prerecorded voice message stated "…reply to this message by calling 1-800-264-5723. Thank you."

44. Plaintiff received and listened to the April 10, 2026 artificial or prerecorded voice message.

45. The tone and speech pattern of the April 10, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

46. On or about April 13, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

47. Defendant placed, or caused to be placed, the April 13, 2026 call from telephone number 1-888-462-0531.

48. In connection with its April 13, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

49. Defendant's April 13, 2026 artificial or prerecorded voice message stated "…reply to this message by calling 1-800-264-5723. Thank you."

50. Plaintiff received and listened to the April 13, 2026 artificial or prerecorded voice message.

51. The tone and speech pattern of the April 13, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

52. On or about April 14, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

53. Defendant placed, or caused to be placed, the April 14, 2026 call from telephone number 1-888-462-0531.

54. In connection with its April 14, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

55. Defendant's April 14, 2026 artificial or prerecorded voice message stated "…This is ARS calling for Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

56. Plaintiff received and listened to the April 14, 2026 artificial or prerecorded voice message.

57. The tone and speech pattern of the April 14, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

58. Also on or about April 14, 2026, Defendant placed, or caused to be placed, a second call to telephone number (XXX) XXX-3187.

59. Defendant placed, or caused to be placed, the April 14, 2026 call from telephone number 1-888-462-0531.

60. In connection with its April 14, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

61. Defendant's April 14, 2026 artificial or prerecorded voice message stated" This is ARS calling for Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

62. Plaintiff received and listened to the April 14, 2026 artificial or prerecorded voice message.

63. The tone and speech pattern of the April 14, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

64. On or about April 15, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

65. Defendant placed, or caused to be placed, the April 15, 2026 call from telephone number 1-888-462-0531.

66. In connection with its April 15, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

67. Defendant's April 15, 2026 artificial or prerecorded voice message stated "…Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

68. Plaintiff received and listened to the April 15, 2026 artificial or prerecorded voice message.

69. The tone and speech pattern of the April 15, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

70. On or about April 16, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

71. Defendant placed, or caused to be placed, the April 16, 2026 call from telephone number 1-800-264-5723.

72. In connection with its April 16, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

73. Defendant's April 16, 2026 artificial or prerecorded voice message stated "…Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

74. Plaintiff received and listened to the April 16, 2026 artificial or prerecorded voice message.

75. The tone and speech pattern of the April 16, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

76. On or about April 17, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

77. Defendant placed, or caused to be placed, the April 17, 2026 call from telephone number 1-800-264-5723.

78. In connection with its April 17, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

79. Defendant's April 17, 2026 artificial or prerecorded voice message stated "…Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

80. Plaintiff received and listened to the April 17, 2026 artificial or prerecorded voice message.

81. The tone and speech pattern of the April 17, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

82. On or about April 20, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

83. Defendant placed, or caused to be placed, the April 20, 2026 call from telephone number 1-800-264-5723.

84. In connection with its April 20, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

85. Defendant's April 20, 2026 artificial or prerecorded voice message stated "…Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

86. Plaintiff received and listened to the April 20, 2026 artificial or prerecorded voice message.

87. The tone and speech pattern of the April 20, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

88. On or about April 21, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

89. Defendant placed, or caused to be placed, the April 21, 2026 call from telephone number 1-800-264-5723.

90. In connection with its April 21, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

91. Defendant's April 21, 2026 artificial or prerecorded voice message stated "…Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

92. Plaintiff received and listened to the April 21, 2026 artificial or prerecorded voice message.

93. The tone and speech pattern of the April 21, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

94. On or about April 23, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

95. Defendant placed, or caused to be placed, the April 23, 2026 call from telephone number 1-800-264-5723.

96. In connection with its April 23, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

97. Defendant's April 23, 2026 artificial or prerecorded voice message stated "…for Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

98. Plaintiff received and listened to the April 23, 2026 artificial or prerecorded voice message.

99. The tone and speech pattern of the April 23, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

100. On or about April 27, 2026, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-3187.

101. Defendant placed, or caused to be placed, the April 27, 2026 call from telephone number 1-800-264-5723.

102. In connection with its April 27, 2026 call to telephone number (XXX) XXX-3187, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message.

103. Defendant's April 27, 2026 artificial or prerecorded voice message stated "…Shirley Horton. Please reply to this message by calling 1-800-264-5723. Thank you."

104. Plaintiff received and listened to the April 27, 2026 artificial or prerecorded voice message.

105. The tone and speech pattern of the April 27, 2026 voice message is consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

106. Each of the artificial or prerecorded voice messages Defendant delivered to Plaintiff appear to be nearly identical in content and tone, further indicating that they were not live speech messages.

107. When calling 1-888-462-0531 and 1-800-264-5723, the answering agents identify themselves as being with "Ability Recovery Services."

108. Plaintiff did not have an account in collection with Defendant.

109. Plaintiff does not have, and never did have, any relationship with Defendant.

110. Plaintiff is not, nor was, a customer of Defendant.

111. Plaintiff did not provide telephone number (XXX) XXX-3187 to Defendant.

112. Defendant did not obtain telephone number (XXX) XXX-3187 from Plaintiff.

113. Plaintiff did not give Defendant prior express consent to place calls to telephone number (XXX) XXX-3187 using an artificial or prerecorded voice to reach someone named Shirley Horton.

114. Defendant did not obtain from Plaintiff prior express consent to place calls to telephone number (XXX) XXX-3187 using an artificial or prerecorded voice to reach someone named Shirley Horton.

115. Plaintiff does not know anyone named Shirley Horton.

116. Plaintiff did not provide anyone named Shirley Horton with permission or authorization to give consent on her behalf.

117. Plaintiff informed Defendant that it was calling the wrong telephone number in placing or causing to be placed calls to telephone number (XXX) XXX-3187 on at least two occasions.

118. No matter, even after Plaintiff informed Defendant that it was calling the wrong telephone number in placing or causing to be placed calls to telephone number (XXX) XXX-3187 Defendant's calls continued.

119. The subject telephone calls and artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-3187 were intended for someone other than, and unknown to, Plaintiff.

120. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-3187 for non-emergency purposes.

121. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-3187 voluntarily.

122. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-3187 under its own free will.

123. Defendant had knowledge it was using or causing to be used an artificial or prerecorded voice in connection with the subject calls to telephone number (XXX) XXX-3187.

124. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-3187.

125. Defendant's records will identify each artificial or prerecorded voice message it delivered or caused to be delivered to telephone number (XXX) XXX-3187.

126. Plaintiff suffered actual harm as a result of the calls and artificial or prerecorded voice messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

127. Plaintiff found Defendant's numerous calls and artificial or prerecorded voice messages to be invasive and irritating.

128. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

129. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Ability Recovery Services, LLC placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a customer who had an account in collection with Ability Recovery Services, LLC, (3) in connection with which Ability Recovery Services, LLC used, or caused to be used, an artificial or prerecorded voice, (4) from four years prior to the filing of this class action complaint through the date of class certification.

130. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

131. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

132. The exact number of members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

133. The class is ascertainable because it is defined by reference to objective criteria.

134. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

135. Plaintiff's claims are typical of the claims of the members of the class.

136. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used, or caused to be used, an artificial or prerecorded voice.

137. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

138. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

139. Plaintiff suffered the same injuries as the members of the class.

140. Plaintiff will fairly and adequately protect the interests of the members of the class.

141. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

142. Plaintiff will vigorously pursue the claims of the members of the class.

143. Plaintiff has retained counsel experienced and competent in class action litigation.

144. Plaintiff's counsel will vigorously pursue this matter.

145. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

146. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

147. Among the issues of law and fact common to the class:

a. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it used, or caused to be used, an artificial or prerecorded voice;

b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers; and

c. the availability of statutory damages.

148. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

149. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

150. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

151. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

152. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

153. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

154. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

155. There will be no extraordinary difficulty in the management of this action as a class action.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the class**

156. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 155.

157. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using, or causing to be used, an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

158. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without consent, and after Plaintiff informed Defendant that it was calling the wrong person.

159. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action;

(b) Designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

(d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

(e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

(f) Awarding Plaintiff and members of the class damages pursuant to 47 U.S.C. § 227(b)(3);

(g) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(h) Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: June 11, 2026

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Texas Bar No. 24094090
Attorney-in-Charge
James L. Davidson*
Florida Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
aradbil@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

* to seek admission *pro hac vice*